# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ABRAHAM AUSTIN,

    Petitioner,

v.

STATE OF NEVADA, et al.,

    Respondents.

Case No. 2:19-cv-00468-APG-VCF

**ORDER**

    This is a *pro se* petition for writ of habeas corpus filed under 28 U.S.C. § 2254 by Abraham Austin, a Nevada state prisoner. The filing fee has been paid. I now conduct a preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. I also consider Austin's motion for appointment of counsel.

    While the amended petition remains deficient because it names the wrong respondent, I will allow Austin one final opportunity to name the correct respondent: the warden or director of the institution where he is being housed.[1] If Austin fails to do so, this action will be dismissed without prejudice and without further advance notice, notwithstanding the fact it has been served on the respondents and a response directed.

    I deny Austin's motion for appointment of counsel because counsel is not justified here. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228,

---

[1] I do so because it appears that Austin attempted to comply with my prior order directing him to file an amended petition naming the correct respondent. While he filed an amended petition, he continues to name the wrong respondent.

1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). But counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970). Here, the petition is sufficiently clear in presenting the issues, and the legal issues are not particularly complex. Therefore, counsel is not justified.

It is therefore ordered that petitioner's motion for appointment of counsel **(ECF No. 2) is denied.**

**It is further ordered that petitioner will file an amended petition naming as respondent the warden or director of the institution where he is being housed by August 20, 2019**. Failure to do so will result in the dismissal of the petition without further notice.

It is further ordered that the Clerk shall add Nevada Attorney General Aaron D. Ford as attorney for the respondents and shall informally electronically serve the Nevada Attorney General with a copy of the petition and this order.

It is further ordered that the respondents shall file a response to the amended petition, including potentially by motion to dismiss, by **October 15, 2019**, and that Austin may file a reply thereto within 30 days of service of the answer. The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, shall be governed by Local Rule LR 7-2(b).

It is further ordered that any procedural defenses raised by the respondents shall be asserted together in a single consolidated motion to dismiss. The respondents shall not file a response that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If

the respondents seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). All procedural defenses, including exhaustion, must be raised by motion to dismiss.

It is further ordered that, in any answer filed on the merits, the respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that the respondents shall file a set of state court exhibits relevant to the response filed to the petition, in chronological order and indexed as discussed, *infra*.

It is further ordered that all state court record exhibits filed herein shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment. The purpose of this provision is so that the court and any reviewing court thereafter will be able to quickly determine from the face of the electronic docket sheet which numbered exhibits are filed in which attachments.

The Clerk of Court shall send petitioner a copy of his amended petition (ECF No. 8) and a copy of the form for 28 U.S.C. § 2254 petitions.

Dated: August 1, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE