# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ABRAHAM AUSTIN,

        Petitioner,

v.

STATE OF NEVADA, et al.,

        Respondents.

Case No. 2:19-cv-00468-APG-VCF

**ORDER**

This habeas matter is before me now because petitioner Abraham Austin has failed to file an amended petition in compliance with my prior orders (ECF Nos. 4, 6, 9). Austin is proceeding in this action *pro se*. On about March 6, 2019, he submitted for mailing a Petition for Writ of Habeas Corpus (ECF No. 1-1) under 28 U.S.C. § 2254, but he did not file an application to proceed *in forma pauperis* (IFP) or pay the $5.00 filing fee. In April 2019, I ordered him to either pay the filing fee or file an IFP application with all required attachments within 30 days. ECF No. 4. I also ordered him to file an amended cover page for his petition that properly names as the respondent the warden of the institution where he is being held. *Id.* Austin failed to comply with my order.

In June 2019, I again ordered Austin to either pay the filing fee or file an IFP application. ECF No. 6. I also gave him another chance to file an amended cover page for his petition naming the correct respondent. *Id.* Austin paid the filing fee (ECF No. 7) the following month, but he did not file an amended cover page as instructed.[1]

---

[1] The August 2019 Order noted that Austin may have attempted to comply with the prior order by filing the petition docketed at ECF No. 8. *See* ECF No. 9 at 1, n.1. Upon further review, it is clear that the Clerk of Court filed that pleading on the court's docket following payment of the filing fee pursuant to regular practice. That pleading was not an amended petition. The date stamp and contents of the pleading further confirm that the petition is the same one Austin

In August 2019, I screened the petition and ordered the respondents to file a response. ECF No. 9. I noted that the petition remained deficient as it names the wrong respondent. I therefore allowed Austin "one final opportunity to name the correct respondent: the warden or director of the institution where he is being housed." *Id.* The order expressly instructed Austin, in bold, to "**file an amended petition naming as respondent the warden or director of the institution where he is being housed by August 20, 2019**." *Id.* I warned Austin, if he "fails to do so, this action will be dismissed without prejudice and without further advance notice, notwithstanding the fact it has been served on the respondents and a response directed." *Id.*

To date, Austin has not filed an amended petition, requested an extension of time, or taken any other action to advance this case. Austin was expressly warned that a failure to file an amended petition addressing the pleading deficiencies would result in dismissal without prejudice.

I THEREFORE ORDER:

1. This action is DISMISSED without prejudice based on Petitioner Abraham Austin's failure to comply with my orders (ECF Nos. 4, 6, 9) instructing him three times to name the proper respondent.

2. A certificate of appealability is DENIED as jurists of reason would not find my dismissal to be debatable or wrong.

3. Austin may not file any further documents in this case, save and except for a motion seeking reconsideration or relief from the judgment entered. All further filings must be made in a new case with a new case number.

---

submitted in March 2019. Regardless, this oversight did not affect the proceeding because Austin was given a final opportunity to cure the deficiency and failed to do so.

4. The Clerk of Court is directed to mail Austin two copies of the inmate IFP application and the form for 28 U.S.C. § 2254 petitions.

5. The Clerk of Court is further directed to enter final judgment accordingly, dismissing this action without prejudice, and to close this case.

Dated: October 22, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE